IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON ALICIA BURKE ANZALDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 2987 |
| ) | |
| RACHEL MARIE CANNON, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

Sharon Alicia Burke Anzaldi ("Anzaldi") has just filed this action against a host of defendants, charging them with violations of her constitutional rights. Because Anzaldi has paid the $350 filing fee, this Court cannot address her Complaint in the same manner that would be applicable if she were seeking in forma pauperis status. Instead this memorandum speaks to some of the problems that are apparent from a threshold examination of Anzaldi's allegations.

To begin with, she seeks to invoke 42 U.S.C. §§1983, 1985 and 1986[1] as the bases for her action. But in doing so she misunderstands the scope of each of those statutes:

    1. Section 1983, which creates potential liability on the part of persons "who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia," does not apply to

---

[1] Further references to those statutes will simply take the form "Section --," omitting the prefatory "42 U.S.C."

federal defendants.

    2. Although by contrast the scope of Section 1985's conspiracy provisions could extend to federal officials sued in their official capacities, such suits must be based on such persons' actions that stem from (a) the intent to deny the plaintiff equal protection of the laws (Section 1985(2)) or (b) racial or other class-based animus (Section 1985(3), as taught in <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971)). Nothing of either sort is even hinted at here.

    3. By its terms, Section 1986 imposes liability only for persons who fail to prevent violations covered by Section 1985.

Moreover, three of Anzaldi's targeted defendants--Magistrate Judges Jeffrey Cole, Martin Ashman and Jeffrey Gilbert--are insulated against any liability for damages by the doctrine of absolute judicial immunity (see, e.g., <u>Pierson v. Ray</u>, 386 U.S. 547 (1967)), because each was acting within the scope of his judicial duties (<u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)). And the comparable doctrine of prosecutorial immunity (see, e.g., <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976)) protects the first named defendant, Assistant United States Attorney Rachel Cannon, from Anzaldi's damages action.

That then leaves FBI Agent David White and Internal Revenue Service Agent Nick Zagotta and some unnamed individuals as

Anzaldi's asserted villains whom she seeks to mulct in damages to the tune of $727,700,000. As stated earlier, this Court expresses no ultimate substantive view as to Anzaldi's allegations against them. Instead it will simply await any further developments initiated by Anzaldi.

With all of that said, however, this Court feels it would be remiss if it failed to caution Anzaldi that the filing and pursuit of lawsuits such as this one are not always risk-free. Because it seems from her filing that she has access to legal materials, her attention is called (1) to the opinions in Neitzke v. Williams, 490 U.S. 319, 325 (1989) and Denton v. Hernandez, 504 U.S. 25, 32-33 (1992), as well as (2) to the "plausibility" requirement for complaints as introduced by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and (3) to the requirement of objective good faith imposed on unrepresented litigants as well as lawyers by Fed. R. Civ. P. 11(b).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 26, 2012