```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

Sharon Alicia Burke Anzaldi    )
                               )
            Plaintiff,         )
                               )
        v.                     )    No. 12 C 2987
                               )
Cannon et al.,                 )
                               )
            Defendants.        )

<u>MEMORANDUM</u>

One of the deliveries to this Court's chambers late last week was a summons directed to Judge Martin Ashman that bears a May 11, 2012 Clerk's Office Stamp and appears to reflect a May 14, 2012 date of service. Because of Judge Ashman's very recent death, that summons should have no further consequences, but this memorandum is issued sua sponte in light of its very issuance.

With pro se plaintiff Sharon Alicia Burke Anzaldi ("Anzaldi") having paid the $350 filing fee at the outset, this Court was not of course called upon in the first instance to address any aspects of the case in the manner that would have been appropriate if Anzaldi had sought in forma pauperis status. All the same, a number of troubling aspects of Anzaldi's self-prepared Complaint led to this Court's issuance of an April 26, 2012 memorandum (that was just a few days after suit was filed). That was done in the hope that some of Anzaldi's obvious misapprehensions might be eliminated, on the premise that a word to the wise is (or at least should be) sufficient.

But what the currently-received summons appears to reflect is that it was served more than two weeks after issuance of the April 26 memorandum, in which this Court expressly told Anzaldi that Magistrate Judge Ashman and two cohorts whom she had also named in her pro se Complaint were protected by the long-established doctrine of absolute judicial immunity. In light of that message, Anzaldi's continuing pursuit of Judge Ashman (and perhaps others) by seeking to serve him (and perhaps them) signals an abuse of the litigation process. In the last paragraph of the April 26 memorandum this Court cautioned Alzaldi about the possible adverse consequences of any non-compliance with court directives (whether covered by specific rules or by judicial doctrine).

This action has previously been set for a status hearing at 9 a.m. on June 27, 2012. At that time this Court anticipates inquiring of Anzaldi as to all aspects of the case, including the subject of this memorandum.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Dated:    June 18, 2012

2