**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHARON ALICIA BURKE ANZALDI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2987 |
| | ) | |
| **RACHEL MARIE CANNON**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Within a few days after this Court received its Judge's Copy of the truly bizarre

Complaint that had been filed on April 23, 2012 by pro se plaintiff Sharon Alicia Burke Anzaldi

("Anzaldi") against an Assistant United States Attorney, two of this District Court's Magistrate

Judges, an FBI agent, a United States Treasury agent and someone whom she characterized as

"an unknown terrorist (believe he was a Marshall [sic])," it issued a brief memorandum (Dkt. 6)

that identified and briefly discussed "some of the problems that are apparent from a threshold

examination of Anzaldi's allegations." That April 26 memorandum concluded with this

cautionary note:

> With all of that said, however, this Court feels it would be remiss if it failed to
> caution Anzaldi that the filing and pursuit of lawsuits such as this one are not
> always risk-free. Because it seems from her filing that she has access to legal
> materials, her attention is called (1) to the opinions in <u>Neitzke v. Williams</u>, 490
> U.S. 319, 325 (1989) and <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992), as
> well as (2) to the "plausibility" requirement for complaints as introduced by <u>Bell
> Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662
> (2009), and (3) to the requirement of objective good faith imposed on
> unrepresented litigants as well as lawyers by Fed. R. Civ. P. 11(b).

And on April 27 this Court set a status hearing in the case for 9 a.m. June 27 (Dkt. 7).

Silence then descended, at least as to any in-court response or any other filing by Anzaldi. But in mid-June another document arrived in chambers -- a summons directed to Magistrate Judge Martin Ashman (one of the targeted defendants) that bore a May 11 Clerk's Office stamp and appeared to reflect a May 14 date of service. Because of Judge Ashman's then-recent death, that summons appeared to carry with it no further consequences, but it prompted this Court's issuance of a June 18 memorandum (Dkt. 16) that referred to the caution voiced in the April 26 memorandum and stated:

> In light of that message, Anzaldi's continuing pursuit of Judge Ashman (and perhaps others) by seeking to serve him (and perhaps them) signals an abuse of the litigation process. In the last paragraph of the April 26 memorandum this Court cautioned Anzaldi about the possible adverse consequences of any noncompliance with court directives (whether covered by specific rules or by judicial doctrine).

That memorandum concluded by anticipating that the June 27 status hearing would present the opportunity to inquiry of Anzaldi "as to all aspects of the case, including the subject of this memorandum."

At the June 27 status hearing Anzaldi said that she had never received a copy of the April 26 memorandum. That seemed odd, for Anzaldi had of course listed her address when she filed her Complaint, and the Clerk's Office's standard practice is to transmit copies of all filings to the parties of record. But this Court saw no occasion to question Anzaldi's representation -- it simply made a copy of the original memorandum available to her and reset the status hearing to 9 a.m. July 18.

On July 18 Anzaldi showed up with a bulky document that she said she had just filed. That, upon examination, proved to be even more outre than her original filing -- it must be read to be believed (or, perhaps more accurately, not to be believed).[1]

If Anzaldi had not paid the $350 filing fee and had been required to seek in forma pauperis for this lawsuit, that status would clearly have been denied in the first instance on grounds of frivolousness under the principle announced in such cases as Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) as well as the Neitzke and Denton cases referred to in the April 26 memorandum. Such a speedy resolution would have spared everyone other than Anzaldi some unnecessary grief.

But under the circumstances this Court will avail itself of the more temperate remedy prescribed by Fed. R. Civ. P. ("Rule") 11(c)(3) for what appear to be extraordinarily plain violations of Rule 11(b)(1), (2) and (3) that are all-pervasive throughout both the Complaint and Anzaldi's current filing. Hence Anzaldi is ordered to deliver to this Court's chambers, before (not

---

[1] Although this is a digression from the main issue, two items may be worth noting parenthetically. For one thing, Anzaldi's first page of that filing sets out not only this case number but also Case No. 11 CR 820, the criminal case assigned to this Court's colleague Honorable Harry Leinenweber in which she is a defendant and which obviously served as the triggering event for this ill-considered action. And second, this legend appears beneath the barcode at the top of the same first page:

Doc#: 1220022000  Fee: $130.00
Eugene "Gene" Moore
Cook County Recorder of Deeds
Date: 07/18/2012 08:18 AM Pg: 1 of 47

How odd!

on) the July 30 status date established at the conclusion of the July 18 hearing, a response that

shows cause (1) why her filing of the original Complaint and of her current response have

assertedly not violated Rule 11(b) and (2) why any such violations should not result in the

imposition of appropriate sanctions, which may include (but are not necessarily limited to) such

matters as (a) the dismissal of this action with prejudice, (b) a monetary sanction as permitted by

Rule 11(c)(5)(B) and (c) the referral of this Court's memorandum orders to Judge Leinenweber

for his consideration, if Anzaldi is convicted in the criminal case before him, of whether she may

be found for Sentencing Guideline purposes to have attempted to obstruct justice by her actions

in this case.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 19, 2012.

---

[2]     One added item:  This Court's review of Anzaldi's current bulky (47 pages?) filing has revealed, among other things, that one of its last pages is the attached "Violation Warning" that has added this Court to Anzaldi's targets.  That is frankly appalling conduct on her part in light of the principles of absolute judicial immunity referred to in the April 26 memorandum (and actually confirmed by part of the exhibits in Anzaldi's current filing, although she has obviously chosen to put a false spin on those principles) -- but at this point this Court will do nothing beyond considering the source.