**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHARON ALICIA BURKE ANZALDI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12 C 2987 |
| | ) | |
| **RACHEL MARIE CANNON**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Within a few days after this Court received its Judge's Copy of the truly bizarre

Complaint that had been filed on April 23, 2012 by pro se plaintiff Sharon Alicia Burke Anzaldi

("Anzaldi") against an Assistant United States Attorney, two of this District Court's Magistrate

Judges, an FBI agent, a United States Treasury agent and someone whom she characterized as

"an unknown terrorist (believe he was a Marshall [sic])," it issued a brief memorandum (Dkt. 6)

that identified and briefly discussed "some of the problems that are apparent from a threshold

examination of Anzaldi's allegations."  That April 26 memorandum concluded with this

cautionary note:

> With all of that said, however, this Court feels it would be remiss if it failed to
> caution Anzaldi that the filing and pursuit of lawsuits such as this one are not
> always risk-free.  Because it seems from her filing that she has access to legal
> materials, her attention is called (1) to the opinions in Neitzke v. Williams, 490
> U.S. 319, 325 (1989) and Denton v. Hernandez, 504 U.S. 25, 32-33 (1992), as
> well as (2) to the "plausibility" requirement for complaints as introduced by Bell
> Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662
> (2009), and (3) to the requirement of objective good faith imposed on
> unrepresented litigants as well as lawyers by Fed. R. Civ. P. 11(b).

And on April 27 this Court set a status hearing in the case for 9 a.m. June 27 (Dkt. 7).

Silence then descended, at least as to any in-court response or any other filing by Anzaldi. But in mid-June another document arrived in chambers -- a summons directed to Magistrate Judge Martin Ashman (one of the targeted defendants) that bore a May 11 Clerk's Office stamp and appeared to reflect a May 14 date of service. Because of Judge Ashman's then-recent death, that summons appeared to carry with it no further consequences, but it prompted this Court's issuance of a June 18 memorandum (Dkt. 16) that referred to the caution voiced in the April 26 memorandum and stated:

> In light of that message, Anzaldi's continuing pursuit of Judge Ashman (and perhaps others) by seeking to serve him (and perhaps them) signals an abuse of the litigation process. In the last paragraph of the April 26 memorandum this Court cautioned Anzaldi about the possible adverse consequences of any noncompliance with court directives (whether covered by specific rules or by judicial doctrine).

That memorandum concluded by anticipating that the June 27 status hearing would present the opportunity to inquiry of Anzaldi "as to all aspects of the case, including the subject of this memorandum."

At the June 27 status hearing Anzaldi said that she had never received a copy of the April 26 memorandum. That seemed odd, for Anzaldi had of course listed her address when she filed her Complaint, and the Clerk's Office's standard practice is to transmit copies of all filings to the parties of record. But this Court saw no occasion to question Anzaldi's representation -- it simply made a copy of the original memorandum available to her and reset the status hearing to 9 a.m. July 18.

On July 18 Anzaldi showed up with a bulky document that she said she had just filed. That, upon examination, proved to be even more outre than her original filing -- it must be read to be believed (or, perhaps more accurately, not to be believed).[1]

If Anzaldi had not paid the $350 filing fee and had been required to seek in forma pauperis for this lawsuit, that status would clearly have been denied in the first instance on grounds of frivolousness under the principle announced in such cases as <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) as well as the <u>Neitzke</u> and <u>Denton</u> cases referred to in the April 26 memorandum. Such a speedy resolution would have spared everyone other than Anzaldi some unnecessary grief.

But under the circumstances this Court will avail itself of the more temperate remedy prescribed by Fed. R. Civ. P. ("Rule") 11(c)(3) for what appear to be extraordinarily plain violations of Rule 11(b)(1), (2) and (3) that are all-pervasive throughout both the Complaint and Anzaldi's current filing. Hence Anzaldi is ordered to deliver to this Court's chambers, <u>before</u> (not

---

[1] Although this is a digression from the main issue, two items may be worth noting parenthetically. For one thing, Anzaldi's first page of that filing sets out not only this case number but also Case No. 11 CR 820, the criminal case assigned to this Court's colleague Honorable Harry Leinenweber in which she is a defendant and which obviously served as the triggering event for this ill-considered action. And second, this legend appears beneath the barcode at the top of the same first page:

> Doc#: 1220022000  Fee: $130.00
> Eugene "Gene" Moore
> Cook County Recorder of Deeds
> Date: 07/18/2012 08:18 AM Pg: 1 of 47

How odd!

on) the July 30 status date established at the conclusion of the July 18 hearing, a response that shows cause (1) why her filing of the original Complaint and of her current response have assertedly not violated Rule 11(b) and (2) why any such violations should not result in the imposition of appropriate sanctions, which may include (but are not necessarily limited to) such matters as (a) the dismissal of this action with prejudice, (b) a monetary sanction as permitted by Rule 11(c)(5)(B) and (c) the referral of this Court's memorandum orders to Judge Leinenweber for his consideration, if Anzaldi is convicted in the criminal case before him, of whether she may be found for Sentencing Guideline purposes to have attempted to obstruct justice by her actions in this case.[2]

Milton I. Shadur
Senior United States District Judge

Date: July 19, 2012.

---

[2]    One added item:  This Court's review of Anzaldi's current bulky (47 pages?) filing has revealed, among other things, that one of its last pages is the attached "Violation Warning" that has added this Court to Anzaldi's targets.  That is frankly appalling conduct on her part in light of the principles of absolute judicial immunity referred to in the April 26 memorandum (and actually confirmed by part of the exhibits in Anzaldi's current filing, although she has obviously chosen to put a false spin on those principles) -- but at this point this Court will do nothing beyond considering the source.

| Form **COL** | **Violation Warning** |
| --- | --- |
| | **Denial of Rights Under Color of Law** |

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

| Name and address of Citizen | Name and address of Notice Recipient |
| --- | --- |
| Sharon Alicia Burke Anzaldi c/o American National Court 2406 North 76th Court Elmwood Park, Illinois 60707 | Judge Milton I. Shadur 219 S. Dearborn, Court Room 2303 Chicago, Illinois 60604 |

Citizen's statement I have never expatriated from the country America, I have filed my status with the Hague and have repatriated within fact of state

I certify that the forgoing information stated here is true and correct.

**Citizen's signature**

▶ _Sharon Alicia Burke Anzaldi_          Date ▶ July 17, 2012

### Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek _personal_ legal counsel if you do not understand the law.

Notice of Service:

I, Sharon Alicia Burke Anzaldi certify that I personally delivered this notice to above named recipient and address on July , 2012 at 9:00am.

Public Domain—Privacy Form COL(01)

Mary g Janota

July 17th, 2012

my Commission Expires 3-22-2014

OFFICIAL SEAL
MARY J. JANOTA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-22-2014

_III_