IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON ALICIA BURKE ANZALDI,    )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  12 C 2987
                                )
RACHEL MARIE CANNON, et al.,    )
                                )
            Defendants.         )

MEMORANDUM ORDER

Sharon Alicia Burke Anzaldi ("Anzaldi") continues her extraordinarily bizarre (and often regrettably misleading) course of conduct in this pro se action brought by her (see this Court's July 19, 2012 memorandum order ("Order") for a short description of some of her earlier conduct in the case). This time she has tendered another bulky filing (needlessly bulky, as will be explained here) on July 30.

That new filing (Dkt. 25) begins with a photocopy of a letter addressed to the "Freedom of Information Office, U.S. District Court Clerk, Thomas G. Bruton," bearing a May 10, 2012 verification. It simply doesn't belong in this case, and it is stricken.

Next comes a so-called Affidavit of Fact signed and verified by Anzaldi on July 30, which states that she had attempted to file an "Answer" on July 18 but that the document "did not appear to be on Record with the Clerk of Court." That is simply false--as Order at 3 stated, "On July 18 Anzaldi showed up with a

bulky document that she said she had just filed," and that document is indeed of record--it is Dkt. 23. Hence Anzaldi's current refiling of that thick submission is stricken--indeed, the original filing is retained, even though it contains a welter of improprieties, simply because it reveals so much about Anzaldi's distorted approach in this litigation.

Just one addition before this Court closes to await Anzaldi's previously-ordered August 3 response. In her Affidavit of Fact she states in part:

> I would further like to mention that I will be Amending my original Complaint, as I have the understanding the [sic] Judge Ashman passed away in early June.

Anzaldi would be well advised to hold off on any such action (at least briefly) until this Court has the opportunity to deal with the case as forecast in the Order.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 2, 2012

2