IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SHARON ALICIA BURKE ANZALDI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2987 |
| | ) | |
| **RACHEL MARIE CANNON**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pro se plaintiff Sharon Alicia Burke Anzaldi ("Anzaldi") has continued to demonstrate throughout her filings in this action that she occupies a fantasy legal world of her own creation. This Court might well have terminated this action before now on grounds of its legal and factual frivolousness (see, e.g., Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)), but it harbored a slim hope -- perhaps unrealistically on its own part -- that an identification for Anzaldi of the potential consequences that she risked by persisting in her bizarre misperceptions might perhaps shock her back into the real world of the law.[1]

On August 3 Anzaldi filed a purported "Answer and Response to Memorandum Order" that is just as bizarre as her earlier submissions, simply advancing her otherworldly views. This Court is not qualified to engage in the amateur practice of psychiatry, so it will not embark on

---

[1] Hence it issued a July 19, 2012 Memorandum Order ("Order") that called for a response by Anzaldi as to "(1) why her filing of the original Complaint and of her current response have assertedly not violated Rule 11(b) and (2) why any such violations should not result in the imposition of appropriate sanctions" -- and the Order concluded by setting out a number of such possible sanctions.

that path. Instead it finds that Anzaldi has demonstrated once again that she is beyond the efforts of this Court to jolt her out of her fantasies. It orders the following, as forecast by the Order:

1. This action is dismissed with prejudice.

2. Anzaldi is ordered to file a thorough financial statement on or before September 7, 2012 to enable this Court to determine what (if any) monetary sanctions may fairly be imposed on her as permitted by Fed. R. Civ. P. 11(c)(5)(B).

3. All of this Court's memorandum orders in this case are referred to this Court's colleague Honorable Harry Leinenweber for his consideration, if Anzaldi is convicted in the criminal case before him, of whether she may be found for Sentencing Guideline purposes to have attempted to obstruct justice by her actions in this case.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 7, 2012